## Appeal of PAN-AMERICAN HIDE CO.    Docket No. 1970.

*A reserve set up for self-insurance equal to the estimated premiums payable to an insurer is not deductible as an ordinary and necessary business expense.*

Submitted April 30, 1925; decided May 26, 1925.

*Louis Immerman, C. P. A.*, for the taxpayer.
*Arthur H. Murray, Esq.*, for the Commissioner.

Before STERNHAGEN and MARQUETTE.

The taxpayer and the Commissioner have stipulated the facts as follows:

### FINDINGS OF FACT.

Taxpayer deducted in its tax return filed for the calendar year 1918 the sum of $3,300, consisting of $275 set aside monthly to cover premiums on fidelity insurance which it would have to pay to insurance companies.

In January, 1918, the officers of the taxpayer decided upon a policy of securing fidelity insurance to cover by bond the employees in its South American branches.

During the year 1918 this policy was carried out by the taxpayer and the total amount of premiums set aside by the taxpayer during the year amounted to $3,300.

Taxpayer assumed this fidelity insurance risk itself and charged against the profits every month an amount equal to the premiums that would be paid to the insurance companies on the basis of the rates they quoted to taxpayer for this risk.

The following is an exact copy of the entry made in taxpayer's Journal (Folio 14) on February 28, 1918:

| | | | |
|---|---|---|---|
| 73 LOSS & GAIN | | $550.00 | |
| 141 To: BONDING RESERVE | | | $550.00 |
| Rio de Janeiro | $50,000.00 | | |
| Bahia | 50,000.00 | | |
| Colombia | 50,000.00 | | |
| 2% | $150,000.00 | $3,000.00 | |
| $3.00 pr. $1,000.00 | | | |
| United States | 100,000.00 | 300.00 | |
| | | $3,300.00 | |
| January 1918 | | $275.00 | |
| February 1918 | | 275.00 | |

Similar charges were made regularly at the end of each month during the calendar years 1918, 1919, and 1920.

This monthly charge was considered in the same light as if it were actually paid to the insurance company.

There were no defalcation losses incurred during 1918, 1919, or 1920, but in January, 1921, this company received notice of a defalcation of $11,226 (13,000 Colombian CY at 1.158) by one of its trusted employees in Colombia. This loss was charged against the

bonding reserve which wiped out the entire reserve created during the years 1918, 1919, and 1920, in the amount of $3,300 each year, or a total of $9,900 for the three years, and, in addition, taxpayer sustained a loss of $1,326, which was taken care of out of the profits of 1921 as it was not previously provided for.

The Pan-American Hide Company, the taxpayer, was incorporated January 20, 1915, and during the year 1918 was engaged in the business of importing and exporting hides and skins.

The only issue in this case is whether the above item is an ordinary and necessary expense incurred by the taxpayer during the year 1918, and whether it is an allowable deduction within the meaning of the Revenue Act of 1918.

The Commissioner disallowed the deduction in 1918 of the amount of $3,300 as an ordinary and necessary expense and determined a deficiency of $418.33.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

STERNHAGEN: The taxpayer's contention in effect is that it may take from its income in one pocket an amount equal to what it would have to pay as fidelity insurance premiums and put this in another pocket as a reserve and deduct it from gross income as an ordinary and necessary expense incurred in its business. The contention is similar to that which was rejected by the Board in *Ostheimer's Appeal*, 1 B. T. A. 18; *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79; and *Appeal of Uvalde Co.*, 1 B. T. A. 932. The *Appeal of Charles A. Collin*, 1 B. T. A. 305, cited by the taxpayer, is not in point, nor is the *Appeal of Producers Fuel Co.*, 1 B. T. A. 202. In the latter appeal there was an admitted liability but the amount thereof was not definitely ascertained in the taxable year. The Board held that the amount which was subsequently determined as a liability could be deducted. The estimate in excess of such amount was held not deductible.

The taxpayer in its brief asserts that the situation is similar to a depreciation reserve. It overlooks the fact that the deduction for depreciation is allowed not because of the reserve set up but because of the exhaustion, wear, and tear reasonably sustained during the taxable year. Whether the taxpayer set up a reserve or not would have no significance.

The taxpayer also urges that it is improper to discriminate between one who pays premiums to an insurer and one who bears his own risk. The difference is one of fact; in the one case the expense of premiums is paid or incurred and in the other it is not. The discrimination, if such it be. is self-imposed. Since the statute does not permit a taxpayer to deduct as an expense an amount which he fears he may some day be called upon to spend, there can be no sanction for such a deduction.