*1250 OPINION.
Sternhagen:
The taxpayer’s contention in effect is that it may take from its income in one pocket an amount equal to what it would have to pay as fidelity insurance premiums and put this in another pocket as a reserve and deduct it from gross income as an ordinary and necessary expense incurred in its business. The contention is similar to that which was rejected by the Board in Ostheimer's Appeal, 1 B. T. A. 18; Appeal of Consolidated, Asphalt Co., 1 B. T. A. 79; and Appeal of Uvalde Co., 1 B. T. A. 932. The Appeal of Charles A. Collin, 1 B. T. A. 305, cited by the taxpayer, is not in point, nor is the Appeal of Producers Fuel Co., 1 B. T. A. 202. In the latter appeal there was an admitted liability but the amount thereof was not definitely ascertained in the taxable year. The Board held that the amount which was subsequently determined as a liability could be deducted. The estimate in excess of such amount was held not deductible.
The taxpayer in its brief asserts that the situation is similar to a depreciation reserve. It overlooks the fact that the deduction for depreciation is allowed not because of the reserve set up but because of the exhaustion, wear, and tear reasonably sustained during the taxable year. Whether the taxpayer set up a reserve or not would have no significance.
The taxpayer also urges that it is improper to discriminate between one who pays premiums to an insurer and one who bears his own risk. The difference is one of fact; in the one case the expense of premiums is paid or incurred and in the other it is not. The discrimination, if such it be. is self-imposed. Since the statute does not permit a taxpayer to deduct as an expense an amount which he fears he may some day be called upon to spend, there can be no sanction for such a deduction.